UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHLEY MCCAULEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>                    Defendant. | CASE NO. 2:15-cv-0122 JRC<br><br>ORDER ON MOTION FOR<br>EQUAL ACCESS TO JUSTICE<br>ACT FEES |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6 ; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter is before the Court on plaintiff's Motion for Equal Access to Justice Act Fees (*see* Dkt. 19).  Defendant disputes plaintiff's motion (*see* Dkt. 22).  This matter has been fully briefed (*see* Dkts. 19, 20, 21, 22, 23, 24).

After considering and reviewing the record, including plaintiff's Application for Fees, and the attached time sheet (*see* Dkt. 19), as well as the excellent results obtained by plaintiff's counsel, the Court concludes that plaintiff's fee request is unreasonable in part, and should be reduced by one hour (*see* Reply, Dkt. 23). Regarding the contested 5.7 hours reflecting time initially billed on May 15, 2015, plaintiff's reply and attached declaration demonstrate that the problematic itemized billing sheet initially submitted resulted from clerical error. These 5.7 hours were reasonably expended. However, defendant persuasively argues that one hour of time incurred by plaintiff's attorney was unnecessary, as it was incurred due to failure to follow the local rules.

Therefore, plaintiff's motion for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") is granted in part in the amount of $5,254.14 representing attorney's fees for 27.7 hours incurred ($189.68/hour).

## BACKGROUND and PROCEDURAL HISTORY

On June 18, 2015, this Court issued an Order reversing and remanding this matter for further consideration by the Administration based on the stipulation of the parties (*see* Dkt. 17; *see also* Dkt. 16). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of the medical evidence and of plaintiff's credibility (*see id.*, pp. 1-2). Subsequently, plaintiff filed the motion for statutory EAJA attorney's fees considered herein, to which defendant objected on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Dkts. 19, 22). Plaintiff filed a reply (*see* Dkt. 23).

## **STANDARD OF REVIEW**

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)).  Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## **DISCUSSION**

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* Order on

Complaint, Dkt. 17; *see also* Dkt. 22, p. 2). In order to award a prevailing plaintiff

attorney's fees, the EAJA also requires a finding that the position of the United States

was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded

that the government's position was not substantially justified, as defendant argues that

plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's

Response to Plaintiff's EAJA Motion for Fees, Dkt. 22, p. 2). The Court agrees with

defendant's implicit concession (*see id.*). This conclusion is based on a review of the

relevant record. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001)

(citations omitted).

The undersigned also concludes that no special circumstances make an award of

attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to

determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461

U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D.

Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the

amount of the fee, of course, must be determined on the facts of each case." *Hensley,

supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful

starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,

supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of her

social security application was based on substantial evidence in the record as a whole and

1  not based on harmful legal error. When the case involves a "common core of facts or will

2  be based on related legal theories  .  .  .  .  the district court should focus on the

3  significance of the overall relief obtained by the plaintiff in relation to the hours

4  reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The

5  Supreme Court concluded that where a plaintiff "has obtained excellent results, his

6  attorney should recover a fully compensatory fee." *Id.*

7       Because the Court concludes based on a review of the relevant evidence that the

8  plaintiff here obtained excellent results, the Court will look to "the hours reasonably

9  expended on the litigation," which, when combined with the reasonable hourly rate,

10 encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors

11 identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed within the initial

12 calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley,*

13 *supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild,*

14 *Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*,

15 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e

16

17 _____

18      [1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty
19 of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the
   preclusion of other employment by the attorney due to acceptance of the case; (5) the customary
20 fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the
   circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,
21 and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of
   the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*,
22 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist.
   LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the
23 determination of a number of hours reasonably expended multiplied by a reasonable rate); *but
   see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of
24 the fee).

*Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

As defendant does not object to plaintiff's requested hourly rate for her attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (*see* Dkt. 22). *See also Hensley, supra*, 461 U.S. at 433.

Defendant points out that plaintiff filed her Opening Brief on the same day that she filed a Motion to File Excess Pages for her Opening Brief, May 11, 2015, but that her attorney's itemized billing statement indicates time billed on May 15 for drafting and editing the Opening Brief, and on May 26 for revising and finalizing the Opening Brief (Dkt. 22, pp. 2-3; *see also* Dkt. 12, Dkt. 19-1, p. 1). Defendant argues that counsel could not have known on May 15 that the Opening Brief would need to be revised, as the Court denied plaintiff's Motion to File Excess pages on May 20, 2015, suggesting that "the itemized billing statement, at least for this entry, was reconstructed *post hoc* and not reflective of contemporaneous timekeeping, leading to inaccuracy" (*id.*; *see also* Dkt. 14). Plaintiff contends that there was a clerical error (*see* Dkt. 23, p. 2).

Plaintiff's attorney initially billed for 5.7 hours on May 15, with a description of "Draft, edit opening brief" (*see* Dkt. 19-1, p. 1). As plaintiff already had submitted her

Opening Brief on May 11, along with a Motion to File Excess Pages for her Opening

Brief, it is appropriate for defendant to challenge this billing itemization on May 15. This

Court did not deny plaintiff's motion until May 20, on the grounds that "the complexity

of the issues and the length of the Administrative record do not justify an over-length

brief and the motion is untimely" (Dkt. 14, p. 1 (footnote omitted)). Therefore,

defendant's contention that plaintiff could not yet have known on May 15 of a need to

edit the Opening Brief is valid. However, plaintiff has filed a reply with the following

explanation:

> The entry dated 5-15-2015 was for work that was performed on 5-11-
> 2015 and was performed prior to Plaintiff's opening brief being filed on
> 5-11-2015. Plaintiff's counsel has verified this with contemporaneous
> records that were kept on 5-11-2015. There was a clerical error made in
> recording the date this work was performed on the Itemized Billing
> Statement that accompanied the Motion for EAJA Fees. This entry
> which described work as "Draft, edit opening brief" in the amount of 5.7
> hours was actually performed on 5-11 2015 not 5-15-2015.

(Dkt. 23, p. 2 (*citing* Declaration of D. James Tree)).

Importantly, plaintiff has submitted the declaration of her attorney (*see* Dkt. 24).

In his declaration, plaintiff's attorney declares under penalty of perjury that regarding the

entry for work initially dated May 15, this work was done on May 11, and that "the full

5.7 hours of work was performed prior to the opening brief being filed on 5-11-2015" (*id.*

at p. 2). Plaintiff's attorney further declares that a "clerical error accounted for the wrong

date on the Itemized Billing Statement [and that] Computer records made on 5-11-2015

confirm this work was performed on 5-11-2015 and records show no work was

performed on 5-15-2015 (*id.*).

1    The Court concludes that plaintiff has adequately explained why the initial billing

2    statement was incorrect (*see id.*). As plaintiff's attorney has declared that this 5.7 hours of

3    time reflects actual time expended preparing the Opening Brief before it was filed,

4    receiving payment for this time is appropriate and reasonable. Although it is possible that

5    this time expended could have been reduced by initially drafting the brief within the

6    proper page limits, based on a review of the itemized billing sheet, the Court concludes

7    that inclusion of this time for the drafting of the Opening Brief is reasonable and allows

8    plaintiff to receive a fully compensatory fee.

9        Defendant also challenges plaintiff's billing for 1.0 hour after the Court denied her

10   motion to file her brief with excess pages (*see* Dkt. 22, p. 3). Defendant contends that if

11   plaintiff's attorney had "either sought the Court's permission in advance of [the] filing

12   date or complied with the established page limits in the first place, the extra expenditure

13   of . . . . 1.0 hour on May 26, 2015 would have been unnecessary" (*id.*). Defendant

14   requests that plaintiff's fee award be reduced by this 1.0 hour because the Commissioner

15   should not have to compensate plaintiff's attorney for his time spent "correcting mistakes

16   he could easily have avoided" (*id.*). Defendant's argument has merit and the Court finds

17   it to be persuasive.

18       Plaintiff replies that after the Court denied plaintiff's motion for excess pages, "it

19   took one additional hour to revise the brief to get it down to the page limit [and] [if] that

20   work had been done on 5-11-2015 it would have still taken the additional one hour

21   revision" (Dkt. 23, p. 2). Plaintiff contends that all of the hours billed "were necessary

22   and do not include unnecessary additional time" (*id.*). However, the Court concludes that

1   defendant is correct that plaintiff's attorney erred by not filing the request to file the over-

2   length brief three days prior to the due date for the brief. *See* W.D. Wash Local Rules,

3   Rule 7(f)(1). According to the local rules, motions to file over-length briefs "shall be filed

4   as soon as possible but no later than three days before the underlying motion or brief is

5   due  .  .  .  ." *Id.* However, plaintiff filed her motion on the due date for the Opening

6   Brief. Had plaintiff followed the rules and if plaintiff had filed her request before

7   finishing drafting a brief that was over-length, plaintiff's attorney could have drafted the

8   brief initially to remain within the page limit and would not have had to edit the brief

9   down after drafting it too long. Although plaintiff also argues that defendant has not been

10  prejudiced because plaintiff did not bill for the motion for excess pages, that decision

11  reflects appropriate billing reduction for unnecessary hours and is a different issue (*see*

12  Dkt. 23, p. 2).

13

14          Plaintiff's itemized billing statement indicates that plaintiff's attorney expended

15  3.2 hours to "Review ALJ decision, legal research;" 7.1 hours to "Read transcript, outline

16  brief;" 7 hours for "Legal research, draft statement of facts;" 5.7 hours to "Draft, edit

17  opening brief;" and 1.0 hour to "Revise and finalize opening brief" (*see* Dkt. 19-1, p. 1).

18  Based on a review of the time expended, the Court concludes that the total amount of

19  time billed for the preparation of the Opening Brief, 24 hours, is a reasonable amount of

20  time for drafting this Opening Brief once the one hour for paring down the brief is

21  deducted.

22

23          Given the facts and circumstances of the matter herein, and based on plaintiff's

24  briefing and her petition for fees, with the itemized time expenditures included, the Court

concludes that the amount of time incurred by plaintiff's attorney in this matter is unreasonable and includes an hour of unnecessary time. *See Hensley, supra*, 461 U.S. at 435. Although plaintiff's attorney "has obtained excellent results, [and] [] should recover a fully compensatory fee," such does not include unnecessary time expended due to failure to follow the Court's local rules. *Id.*

Specifically, following a review of plaintiff's request, the Court concludes that plaintiff's request for attorney's fees in the amount of $5,443.82, representing 28.7 hours of work ($189.68/hour) should be reduced to $5,254.14, representing 27.7 hours of reasonable attorney time for this matter.

## **CONCLUSION**

Based on the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA"), and the relevant record, it is hereby ORDERED that EAJA attorney's fees of $5,254.14 shall be awarded to plaintiff pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

The Acting Commissioner shall contact the Department of Treasury after the Order for EAJA fees is entered to determine if the EAJA fees are subject to any offset.  If it is determined that plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the check for EAJA fees shall be made payable to D. James Tree, Esq., based on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Fee Agreement, Dkt. 19, Attachment 2; Plaintiff's Declaration, Dkt. 21).  If there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the Department of the Treasury (*see, e.g.*, Case No. 2:15-cv-122, Dkt. 22,

1 | p. 4). Any check for EAJA fees shall be mailed to plaintiff's counsel, D. James Tree,

2 | Esq., at Tree Law Office, 3711 Englewood Avenue, Yakima, WA 98902.

3 |      Dated this 15th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge